IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNIE L. TAYLOR,

        **Plaintiff,**

   v.              CASE NO. 09-3120-SAC

STATE OF KANSAS, et al.,

        **Defendants.**

MEMORANDUM AND ORDER

  This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the court grants provisional leave to proceed in forma pauperis.

*Screening*

  Because plaintiff is a prisoner seeking relief against defendants including governmental officers, the court is required to screen his complaint and to dismiss it, or any part of it, that is frivolous, fails to state a claim on which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). Plaintiff's status as a party proceeding pro se requires the court to give his pleadings a liberal reading, *see Haines v. Kerner*, 404 U.S. 519,520 (1972). However, despite this, plaintiff has the burden of presenting "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

  The amended complaint identifies the plaintiff's claims as

unlawful detention and malicious prosecution. Plaintiff names as defendants: the State of Kansas, a city attorney, a commissioner, the Sheriff of Reno County, a Captain at the Reno Detention Center, the district attorney, an assistant district attorney, a warrant server, plaintiff's court-appointed counsel, a defendant in the criminal action, and two unnamed police officers.

Plaintiff claims he was arrested on April 28, 2009, for failure to appear. He states he did not receive notice of the hearing for which he failed to appear and seeks monetary damages for the allegedly unlawful detention. While plaintiff appears to claim that he was arrested without a warrant, the court takes judicial notice[1] of the following statement of facts by the Kansas Court of Appeals in a decision in plaintiff's related criminal action:

> In October 2008, Taylor was charged with possession of marijuana with intent to sell, a felony under K.S.A. 2008 Supp. 65-4163, and with failing to procure tax stamps for the marijuana in violation of K.S.A. 79-5204. He was later charged with additional felonies of kidnapping in violation of K.S.A. 21-3420 and aggravated intimidation of a witness in violation of K.S.A. 21-3833. [...]
>
> Taylor apparently missed a number of court appearances in the early stages of the case. The district court issued and set aside several bench warrants for Taylor. But the district court's patience wore thin. Taylor was arrested on a new bench warrant on April 28, 2009, and remained in jail from then on awaiting trial. *State v. Taylor*, 258 P.3d 387, 2011 WL 379481 (Kan.App. 2011).[2]

---

[1] *See* Fed.R.Evid. 201(b)(judicial notice may be taken of a fact that is "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned") and FRE 201(d)(the court may take judicial notice at any stage of the proceeding).

[2] A copy of this unpublished order is attached.

Following his arrest, plaintiff's preliminary hearing was set over several times, and he was arraigned on September 8, 2009. Trial in the matter was set for December 1, 2009. On that day, however, plaintiff's counsel appeared and requested a continuance. Plaintiff was not present for this request, and no written motion was submitted.

The state district court granted the motion and set the new trial date on March 1, 2010. Shortly before that trial date, plaintiff again requested new counsel, and the trial court appointed a new attorney. That counsel was granted another continuance. However, shortly before the new trial date, plaintiff filed a motion to dismiss the charges against him on speedy trial grounds. He argued that the time from the continuance on December 1, 2009, should not be counted against him because he was not personally present at the time his former attorney requested that continuance, and thus he was unable to object to the request. The district court granted that motion and dismissed the charges against petitioner. The State unsuccessfully appealed. *State v. Taylor*, 258 P.3d 387 (Kan.App. 2011).

### Discussion

*Illegal detention*

In his amended complaint (Doc. 4), plaintiff asserts a claim of illegal detention and false imprisonment. The supporting facts identified by the plaintiff state only that he declined a plea bargain.

3

To the extent plaintiff's claim of illegal detention is based upon his assertion that his arrest was made without a warrant, it appears this claim is barred by the doctrine of issue preclusion, as the Kansas Court of Appeals decision states that the arrest was made upon a bench warrant.

Generally, "issue preclusion bars a party from relitigating a factual or legal issue once he has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Resources Ltd. Liability v. U.S. Dep't. of Agriculture*. In this case, the issue concerning the nature of the arrest, that is, whether it was or was not made under a warrant, was determined against plaintiff. The earlier matter was decided in the state appellate court, and plaintiff was a party in that action and had the opportunity to fully present his claim concerning that arrest.

*Malicious prosecution*

Plaintiff also asserts a claim of malicious prosecution. The Tenth Circuit has identified malicious prosecution claims as arising either under the Fourth Amendment, *see Nielander v. Bd. of Ctny Comm'rs of Ctny. of Republic, Kan*., 582 F.3d 1155, 1156 (10th Cir. 2009) or under the Due Process Clause, *see Wilkins v. DeReyes*, 528 F.3d 790, 797 n.4 (10th Cir. 2008).

Once a plaintiff has established a violation of his constitutional rights, he must establish the remaining elements of a malicious prosecution claim, namely, that the defendant caused the plaintiff's confinement or prosecution; the action terminated in

4

favor of the plaintiff; there was no probable cause to support the arrest, confinement, or prosecution of the plaintiff; the defendant acted with malice; and damages. *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

In the present case, it appears plaintiff, contrary to his representations, was arrested pursuant to a bench warrant; and was stopped in a car containing marijuana plants, a fact supporting probable cause for the charges against him. Next, while plaintiff points out that charges of kidnapping and intimidation of a witness were added several months later, that delay does not demonstrate a lack of probable cause.

Likewise, the dismissal in this matter was upon speedy trial grounds after plaintiff's counsel sought a continuance outside the plaintiff's presence, rather than a verdict in favor of the plaintiff. Finally, plaintiff offers nothing beyond a conclusory allegation of malice on the part of any defendant.

Indeed, of the defendants named in this action, plaintiff has not clearly identified any acts or omissions against any particular defendant. Certainly, plaintiff's claim against the State of Kansas must fail under the Eleventh Amendment immunity that bars a private party from suing a state in federal court unless Congress has clearly abrogated the state's sovereign immunity or the state has waived that immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)(citing *Quern v. Jordan*, 440 U.S. 332 (1979) for its holding that §1983 does not override Eleventh Amendment immunity).

Likewise, the complaint offers no explanation of any acts or omissions by the city attorney, city commissioner, the Sheriff of Reno County, a captain at the Reno Detention Center, a warrant server, or two unnamed police officers.

The district attorney and assistant district attorney are entitled to absolute prosecutorial immunity for their actions taken in prosecuting the criminal charges brought against the plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Any claim against plaintiff's court-appointed counsel fails because a private attorney is not a state actor under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Similarly, plaintiff's claim against his former co-defendant, whose statements eventually led to the charges of kidnapping and intimidation of a witness, fails because that individual was not a state actor.

*Notice to the plaintiff*

For the reasons set forth, the court is considering the dismissal of this action for failure to state a claim upon which relief may be granted. The court denies plaintiff's motion for default judgment (Doc. 14) and two motions for hearing (Docs. 16 and 17); however, the plaintiff will be given the opportunity to show cause why this matter should not be dismissed for the reasons set forth herein.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted.

IT IS FURTHER ORDERED plaintiff's motion for default judgment

6

(Doc. 14) and his motions for hearing (Docs. 16 and 17) are denied.

IT IS FURTHER ORDERED plaintiff is granted to and including September 4, 2012, to show cause why this matter should not be dismissed for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 13th day of August, 2012, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge